O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CAMILO CHABOLLA,<br>Plaintiff,<br>v.<br>CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br>Defendant. | Case No. ED CV 14-1717 JCG<br>**MEMORANDUM OPINION AND ORDER** |

Camilo Chabolla ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for disability benefits. Plaintiff contends that the Administrative Law Judge ("ALJ") erred at step two of his analysis by finding no severe mental impairments, and at step three by failing to consider Listing 12.05C. (*See* Joint Stip. at 3-5, 8-13.) The Court agrees with Plaintiff for the reasons discussed below.

A. Step Two Requires Only a *De Minimis* Showing of Limitation

Generally, step two serves as a "'*de minimis* screening device to dispose of groundless claims.'" *Edlund v. Massanari*, 253 F.3d 1152, 1158 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)). To that end, it directs

an immediate non-disability finding only if a claimant is not suffering from a severe impairment. 20 C.F.R. § 404.1520(a)(4)(ii).

An impairment is not severe "only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual[']s ability to work." *Smolen*, 80 F.3d at 1290 (emphasis added, citation omitted). Such a finding must be "'clearly established by medical evidence.'" *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 85-28, 1985 WL 56856, at *3).

B. <u>The ALJ Erred by Finding Plaintiff's Mental Impairments Non-Severe</u>

Here, Plaintiff was shot in the face multiple times, which damaged his head, lung, and shin. (Administrative Record ("AR") at 45-46, 211, 235, 259, 264, 280, 284-85, 297, 437, 443, 447, 450, 453, 468, 486, 516-17, 519, 603.) The evidence does not clearly establish the non-severity of Plaintiff's mental impairments for three reasons.

First, the ALJ improperly concluded that there was a lack of evidence that Plaintiff sought treatment from a mental health specialist, and, consequently, that there were limited objective psychological findings in the record. (*Id*. at 12); *see Sprague v. Bowen*, 812 F.2d 1226, 1231-32 (9th Cir. 1987) ("it is well established that primary care physicians . . . identify and treat the majority of Americans' psychiatric disorders"); *Lester*, 81 F.3d 821, 833 (9th Cir. 1995) (the opinion of a physician who treats a claimant's psychiatric impairment constitutes "competent psychiatric evidence" and may not be discredited simply because the doctor is not a board certified psychiatrist). Although Plaintiff may not have sought treatment from a specialist, there is ample objective evidence that Plaintiff was diagnosed with, and treated for, anxiety, panic attacks, schizophrenia, post-traumatic stress disorder, depression, headaches, insomnia, and seizures. This treatment included numerous strong psychotropic medications, such as Valium, Xanax, Zoloft, Trazodone, Seroquel, and Ativan. (*See* AR at 72, 262, 286, 297, 308, 310, 405-06, 413, 416, 440, 443, 446-47, 453, 459, 461-

65, 469, 481, 511, 515-17, 526, 556, 568, 574, 577-78, 592-93, 600, 603-04, 618-19, 622, 633-34, 638, 640, 642.)

Second, in light of this evidence of mental health treatment, the ALJ also improperly rejected – based on a lack of objective medical evidence in the record – the opinions of impartial medical examiner Dr. David Jarmon, consultative psychological examiner Dr. Kathy Vandenburgh, and the State agency mental review consultants, all of whom recognized that Plaintiff has moderate to marked mental limitations. (*See id.* at 12-13, 68-70, 519-520, 530, 534-36); *see Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (the ALJ must discuss significant and probative evidence); *Hacker v. Astrue*, 2011 WL 2496580, at *4 (C.D. Cal. June 22, 2011) (claimant's "moderate" mental impairments should have been deemed severe at step two); SSR 85-28, 1985 WL 56856, at *4 (step two "requires a careful evaluation" of the medical evidence).

Third, the ALJ improperly rejected Dr. Vandenburgh's opinion that Plaintiff, due to his low full scale IQ of 66, had marked limitations in completing detailed and complex tasks. (*See* AR at 13.) Apparently, the ALJ discounted the low IQ score in part because it purportedly contradicted Plaintiff's past work as a retail RV "salesman." (*Id.*) However, Plaintiff worked not as a salesman, but as an RV assembler,[1] a position that requires lower cognitive abilities.[2] (*Compare* Dictionary of Occupational Titles ("DOT") No. 806.684-010, 1991 WL 681470 (1991) *with* DOT No. 273.353-010, 1991 WL 672465 (1991).)

Accordingly, for these reasons, the Court finds that the ALJ erred at step two.

/ / /

/ / /

---

[1] The ALJ seems to have gleaned the salesman designation from a single disability report reference to Plaintiff's work in "Sales . . . RV's." (AR at 260.) However, all the remaining evidence, including the testimony from a vocation expert, confirms that Plaintiff's past job was in fact RV assembly. (*Id.* at 58-61, 271, 273-74.)

[2] Plaintiff explained that his position entailed using "warm glue" to put together RV walls in a warehouse. (AR at 58-59, 274.)

C. In Light of the Errors at Step Two, the ALJ Shall Assess Whether Plaintiff Met Listing 12.05C at Step Three

Generally, the claimant has the burden to prove that he has an impairment that meets or equals a listing. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). "[T]o show that [an] impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). The ALJ is not required to state why a claimant fails to satisfy every section of a listing as long as the ALJ adequately summarizes and evaluates the evidence. *Lewis v. Apfel*, 236 F.3d 503, 513 (9th Cir. 2001).

Here, despite the fact that Plaintiff's attorney specifically raised Listing 12.05C[3] at the administrative hearing, the ALJ did not mention the listing in his decision, but rather issued a boilerplate finding at step three. (AR at 13, 70-72.) As such, the Court cannot determine whether the ALJ properly rejected Listing 12.05C.

Thus, in light of (1) the ALJ's improper evaluation of Plaintiff's IQ score, (2) other evidence in the record supporting the lower IQ score (*see, e.g., id*. at 68-69 (Dr. Jarmon's testimony that Plaintiff met the IQ requirement of Listing 12.05C), 516 (Plaintiff attended special education classes)), and (3) the ALJ's improper evaluation of the mental health evidence, the ALJ shall assess whether Plaintiff has met the requirements for Listing 12.05C. *See Espejo v. Astrue*, 2009 WL 1330799, at *3 (C.D. Cal. May 11, 2009) (ALJ's failure to address whether evidence supported listing constituted legal error, particularly where claimant's counsel argued at the hearing that plaintiff met the requirements for the listing).

/ / /

/ / /

---

[3] Listing 12.05C is based on a combination of an IQ score between 60 and 70 and an additional and significant mental or physical impairment. *See Kennedy v. Colvin*, 738 F.3d 1172, 1174, 1177 (9th Cir. 2013); 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05C.

D. Remand is Warranted

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to direct an immediate award of benefits. *Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where outstanding issues must be resolved before a determination can be made, or where the record does not make clear that proper evaluation of the evidence would require a disability finding, remand is appropriate. *Id.* at 594.

Here, in light of the ALJ's error, Plaintiff's mental health evidence must be assessed. Therefore, on remand, the ALJ shall evaluate the evidence to determine if Plaintiff's mental health impairments are severe, and if not severe, to provide valid reasons for so finding. The ALJ shall also assess whether Plaintiff met Listing 12.05C.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.[4]

DATED: June 05, 2015

Hon. Jay C. Gandhi
United States Magistrate Judge

***

**This Report and Recommendation is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

***

[4] Given the Court's remand instructions, it need not address Plaintiff's remaining contention. (*See* Joint Stip. at 3.)